UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN ZAYAS, Individually and on Behalf of All Others Similarly Situated,<br>Plaintiff<br><br>- against -<br><br>BEC FOODS, LLC<br><br>Defendant | **COMPLAINT**<br><br><br>16 Civ. 8028<br><br><br>Plaintiff Demands Trial by Jury |

Plaintiff EDWIN ZAYAS complaining through his attorneys from the Law Offices of James E. Bahamonde, respectfully alleges against Defendant:

## NATURE OF THE CASE

1. In violation of well-settled, two-decade old law, Defendant has chosen not to remove a variety of unlawful architectural barriers. Instead, defendant elected to exclude Plaintiff and all other disabled persons, who use wheelchairs and scooters, from having access to and use of Defendant's public accommodation.

2. Plaintiff files this action for himself and as an action for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq*, and New York City Human Rights Laws, Admin. Code § 8-107, *et seq*.

3. Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendant.

## VENUE AND JURISDICTION

4. That at all times hereinafter mentioned, Plaintiff is now, and at all times mentioned in this complaint, a resident of New York NY.

1

5.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

6.      The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendant's state law violations pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

8.      Defendant BEC Foods, LLC is a Delaware foreign limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as New York County.

9.      Defendant BEC Foods, LLC conducts business under the assumed name BEC.

10.     Upon information and belief, Defendant BEC Foods, LLC is authorized to conduct business under the assumed name BEC.

11.     The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

**CLASS ACTION**

12.     Plaintiff brings this suit for declaratory and injunctive relief and, as a class action for all those similarly situated, who, as persons who must use wheelchairs by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, are protected by, and are beneficiaries of the ADA, New York City Human Rights Laws and New York State Human Rights Laws.

13.     Plaintiff, complaining for himself and all others similarly situated residents in the City of New York and State of New York hereby alleges: (a) the class is so numerous that

joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

14.     The 2010 United States Census indicates that more than 56.6 million persons in the United States have a disability.  The 2010 US Census also indicates that more than 1.39 million New Yorkers have a mobility disability.

15.     The ADA, New York State Human Rights Laws, and New York City Human Rights Laws recognize individuals with disabilities as a protected class.

16.     It is unlawful for a private entity which owns, leases to or operates a place of public accommodations to discriminate against an individual with a disability.

17.     The ADA, New York State Human Rights Laws, and New York City Human Rights Laws requires a public accommodation to be readily accessible to and usable by a disabled individual.

18.     Defendant is required to remove all readily achievable barriers which denies a disabled individual with the opportunity to participate in or benefit from services or accommodations on the basis of their disability.

19.     Failure to remove all readily achievable architectural barriers is defined as disability discrimination in violation of the ADA, New York State Human Rights Laws, and Nassau County Administrative Code.

20.     The landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation have a non-delegable duty to comply with the ADA.

21.     The landlord and owner of a property which houses a public accommodation are liable for their tenant's failure to comply with the ADA, New York City Human Rights Laws or New York State Human Rights Laws.  Property leases which contain contradictory language is superseded by the ADA.

22.     Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Laws and New York State Human Rights Laws.

23.     If an individual with a disability is dissuaded from entering or receiving the services of a public accommodation because of the existence of an architectural barrier, the landlord and tenant will be liable for discrimination.

**FACTUAL BACKGROUND**

24.     Plaintiff is paralyzed and cannot walk. As a result, he uses a wheelchair for mobility.

25.     Defendant **BEC Foods, LLC** owns or operates a food service establishment located at 148 Eighth Avenue, New York, NY (hereinafter 'facility').

26.     Throughout 2015 and 2016, Plaintiff attempted to enter and use Defendant's public accommodation. However, was however, was unable because of an unlawful architectural barrier – a step.

27.     Plaintiff resides less than 2 blocks away from Defendant's public accommodation and is frequently near Defendant's facility.

28.     Plaintiff is deterred from visiting Defendant's noncompliant accommodation because of the existing accessibility barriers.

29. Plaintiff has the intention to return to Defendant's public accommodation once it becomes readily accessible to and usable by Mr. Zayas.

30. After being denied service and access, Plaintiff sent Defendant a letter describing his experience and explaining the architectural barriers.

31. The removal of existing architectural barriers is readily achievable.

32. To date, Defendant has failed to remove the architectural barriers.

## PLAINTIFF's FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

33. Defendant's facility located at 148 Eighth Avenue, New York, NY is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104, New York State Human Rights Law § 292(9), and New York City Administrative Code § 8-102(9) ("place or provider of public accommodation").

34. Defendant has failed to make adequate accommodations and modifications to its facility located at 148 Eighth Avenue, New York, NY

35. Defendant has failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

36. There exist readily achievable modifications which would make Defendant's public accommodation accessible and readily usable by Plaintiff and all others similarly situated.

37. Defendant failed to make the necessary readily achievable modifications to its public accommodation.

38. Upon information and belief, since 1992, Defendant's facility has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

39. It is not impossible for Defendant to remove the architectural barriers which exist at its facility.

40. Defendant failed to design and construct its facility that is readily accessible to and usable by Plaintiff in violation of 42 U.S. Code § 12183(a)(1).

41. It is not structurally impracticable for Defendant's facility to be accessible.

42. Defendant failed to alter its facility to the maximum extent feasible in violation of 42 U.S. Code § 12183(a)(2).

43. Defendant's facility is not fully accessible to, or readily useable by individuals with disabilities.

44. Features of Defendant's public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

   a. Defendant does not provide at least one accessible route within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 206.2 .1.

   b. Defendant does not provide an accessible means of egress in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix B § 207.1.

   c. The walkway to enter Defendant's public accommodation have unlawful changes in level in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 303, 403.

   d. Defendant provides inaccessible turning radius, maneuvering clearance, and accessible route to enter its public use bathrooms in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D §§ 304, 305 and 402.

   e. The grab bars in this water closet in violation of in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 604.5.

   f. The bathrooms are inaccessible in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 604.

   g. The lavatories and sinks are inaccessible in violation of the ADA Accessibility Guidelines, 36 C.F.R. Part 1191 Appendix D § 606.

45. Defendant has discriminated against Plaintiff, and all others similarly situated, on the basis of their disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

46. Defendant has subjected Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

47. Defendant has afforded Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

48. Defendant has provided Plaintiff, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

49. Defendant has not afforded plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

50. Defendant has denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

51.     Defendant has imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

52.     Defendant has failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

53.     Defendant should have achieved accessibility by January 26, 1992.

54.     The barriers to access Defendant's facility continue to exist.

55.     Reasonable accommodations exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

56.     Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendant's program or activity.

## PLAINTIFF's SECOND CAUSE OF ACTION
### (Violations of New York State Human Rights Laws)

57.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

58.     Defendant has not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

59.     Defendant's direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

60. Defendant has, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

61. Defendant has demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

62. Defendant and its agents discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

63. Defendant discriminated in against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

64. As a direct and proximate result of Defendant unlawful discrimination in violation of the New York State Human Rights Laws, Plaintiff has suffered and continues to suffer mental anguish and emotional distress.

## PLAINTIFF's THIRD CAUSE OF ACTION
### (Violations of New York State Civil Rights Laws)

65. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

66. On the basis of Plaintiff's disability, Defendant has violated his Civil Rights.

67. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

68. Pursuant to NY Civil Rights law, defendant is guilty of a class A misdemeanor.

69. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violations of NYC Human Rights Laws § 8-107(4))

70. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

71. In violation of New York City Admin. Code § 8-107(4), Defendant has not reasonably accommodated Plaintiff and others similarly situated.

72. In violation of New York City Admin. Code, Defendant has unlawfully discriminated against Plaintiff and all others similarly situated.

73. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of Defendant's public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

74. In violation of New York City Admin. Code, on the basis of Plaintiff's disability, Defendant has demonstrated that the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

75. Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

76. As a direct and proximate result of the disability discrimination perpetrated by defendant in violation of the New York City Human Rights Laws, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## PLAINTIFF'S FIFTH CAUSE OF ACTION
### (Failure to Reasonably Accommodate in violation of NYC Human Rights Laws § 8-107(15))

77. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

78. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

79. Defendant failed to provide Plaintiff reasonable accommodations and modifications in violation of NYC Human Rights Laws 8-107(15).

80. In violation of New York City Admin. Code 8-102(4) and (18), and 8-107(4) and 8-107(15), Defendant has not reasonably accommodated Plaintiff and others similarly situated.

81. In violation of New York City Admin. Code, Defendant has unlawfully discriminated against Plaintiff and all others similarly situated.

82. Reasonable accommodations and modifications are necessary to enable Plaintiff and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

83. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of Defendant's public accommodation, have, because of the actual or perceived disability of the Plaintiff, directly or indirectly, refused, withheld from and denied Plaintiff the accommodations, advantages, facilities or privileges thereof.

84. In violation of New York City Admin. Code, Defendant has demonstrated that, because of Plaintiff's disability, the patronage or custom of Plaintiff and all others similarly situated, is unwelcome, objectionable, and not acceptable.

85. As a direct and proximate result of the disability discrimination perpetrated by defendant in violation of the New York City Human Rights Laws, Plaintiff has suffered and

continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## INJUNCTIVE RELIEF

86. Issue a permanent injunction enjoining Defendant from disability discrimination.

87. Issue a permanent injunction ordering Defendant to alter its facility to make such facility readily accessible to and usable by individuals with disabilities.

88. Issue a permanent injunction requiring Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiff and other persons similarly situated will not be subject to further unlawful discrimination.

89. Injunctive relief is also necessary to order Defendant to provide auxiliary aid or service, or provisions of an auxiliary aid or service, and/or provision of alternative methods, in accordance with New York State Human Rights Laws, New York City Human Rights Laws, and Title III of the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief from the Court:

A. Certify this case as a class action;

B. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendant to alter its facility making such facility readily accessible to and usable to individuals with disabilities, 3) compelling Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiff will not be subject to further discrimination, in accordance with New York State Human Rights Laws, New York City Human Rights Laws, and Title III of the ADA.

C.  Enter declaratory judgment, specifying Defendant ADA and New York state law violations and declaring the rights of Plaintiff and other persons similarly situated as to Defendant's policies, practices, procedures, facilities, goods and services offered to the public.

D.  Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendant liable for $500 for *each* violation.

E.  Pursuant to New York State Civil Rights Law § 40-d, find Defendant guilty of a class A misdemeanor for violating New York State Civil Rights Law.

F.  The court retain jurisdiction over the Defendant until the court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur.

G.  Award Plaintiff compensatory damages in the amount of $5,000 from each Defendant for their violation of New York State Human Rights Laws.

H.  Award Plaintiff compensatory damages in the amount of $25,000 from each Defendant for their violation of New York City Human Rights Laws.

I.  Award plaintiff punitive damages in the amount to be determined by the jury from each defendant for its violations of New York City Human Rights Laws.

J.  Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

K.  For such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated this October 13, 2016

X 

                    JAMES E. BAHAMONDE, ESQ. (JB6708)
Law Offices of James E. Bahamonde, P.C.
Attorney for the Plaintiff(s)
2501 Jody Court
North Bellmore, NY 11710
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com
Our File No.: 15SDNY060

Pursuant to 22 NYC RR 130-1.1, the undersigned, an attorney admitted to practice in the State of New York, certifies that, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned there from, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a.